UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
YVETTE CAMARENA,

                    Plaintiff,

          -against-

THE CITY OF NEW YORK, RAYMOND KELLY,
POLICE COMMISSIONER OF THE NEW YORK
CITY POLICE DEPARTMENT, DEPUTY
INSPECTOR JAMES MURTAGH, CAPTAIN JAMES
WYNNE, LIEUTENANT KEVIN O'SULLIVAN,
and CAPTAIN ALBERTO SANCHEZ, in their
individual and professional capacities.

                    Defendants.
----------------------------------------X

**06 CV 1309**

**JUDGE BUCHWALD**

**COMPLAINT WITH
JURY DEMAND**

Index No.:



     Plaintiff, YVETTE CAMARENA ("CAMARENA"), by and through

her attorneys, the law firm of CRONIN & BYCZEK, LLP, as and

for her Complaint against Defendants, respectfully sets

forth the following:

## NATURE OF ACTION

     1.   This action is hereby commenced for the purpose of

seeking to secure protection of, and to redress the

deprivation of, rights secured by the United States

Constitution, Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 1983, New York State Executive Law §

296, and New York City Human Rights Law §8-107 et. seq.,

providing for relief based upon Defendants' unlawful

employment practices of engaging in sexual harassment of

Plaintiff, discrimination based upon Plaintiff's gender,

1

retaliation against Plaintiff for engaging in the protected activity of formally complaining of said harassment, and the creation of a hostile work environment.

## JURISDICTION

2.    The jurisdiction of this Court is invoked based upon federal question and pursuant to the Constitution of the United States, the New York State Constitution, 28 U.S.C. §§ 1343(3) and (4), 28 U.S.C. § 1331, as well as 42 U.S.C. § 2000e through § 2000e (15).

3.    This Court has supplemental jurisdiction over the federal claims pursuant to 28 U.S.C. § 1367.

4.    Jurisdiction is also invoked under the doctrine of pendant jurisdiction with respect to any and all state claims set forth in all counts.

5.    The rights, privileges and immunities sought herein to be redressed are those secured by the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution and provisions against gender discrimination and retaliation in employment based upon Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1983, along with applicable provisions of the New York State Constitution, New York State Executive Law and New York City Human Rights Law.

2

## SATISFACTION OF PREREQUISITES UNDER TITLE VII

6.   On or about August 18, 2005, Plaintiff, YVETTE CAMARENA, in accordance with applicable law, filed a Verified Complaint with the United States Equal Employment Opportunity Commission ("EEOC"), which organization receives and investigates charges of discrimination as set forth by the Federal Anti-Discrimination Laws, including Title VII of the Civil Rights Act, as amended.

7.   Said Verified Complaint charged that Defendants engaged in unlawful employment discrimination practices based upon sex, sexual harassment, retaliation for engaging in protected activity, and the creation of a hostile work environment.

8.   On November 17, 2005, the EEOC issued a "Right to Sue" Letter advising Plaintiff of the completion of her prerequisites to file suit in federal court. Plaintiff received said "Right to Sue" Letter on November 21, 2005. A copy of the "Right to Sue" Letter issued to Plaintiff is annexed hereto as **Exhibit "A"**.

### VENUE

9.   Venue is proper within the Southern District of this Court, County of New York, State of New York, as the course of Defendants' conduct took place within the boundaries of the

3

County of New York, State of New York, and the instant causes
of action are based upon violations of the New York State
Constitution, New York State Executive Law and New York City
Human Rights Law.

## PARTIES

10.   Plaintiff, YVETTE CAMARENA, is a female citizen of
the United States and a resident of Orange County, State of
New York. At all times relevant to this action, Plaintiff
CAMARENA was, and still is, a uniformed member of the New
York City Police Department where she served as a Police
Officer for eight (8) years and as a Sergeant for four (4)
years.

11.   Defendant CITY OF NEW YORK is a municipal entity
created and authorized under the laws of the State of New
York. Defendant CITY OF NEW YORK is authorized by law to
maintain a Police Department that acts as its agent in the
area of law enforcement and for which it is ultimately
responsible.

12.   Defendant RAYMOND KELLY ("KELLY") has been Police
Commissioner of the New York City Police Department since
January 2002 and was acting in such capacity at all times
relevant herein; he is sued in his official capacity.

13.   Defendant JAMES MURTAGH ("MURTAGH") is a Deputy

4

Inspector in the New York City Police Department and the Commanding Officer of the 20th Precinct; he had supervisory authority over Plaintiff at the time of the actions herein complained of; he is being sued in his individual and his official capacity.

14. Defendant JAMES WYNNE ("WYNNE") is a Captain in the New York City Police Department and had supervisory authority over Plaintiff at the time of the actions herein complained of; he is being sued in his individual and his official capacity.

15. Defendant KEVIN O'SULLIVAN ("O'SULLIVAN") is a Lieutenant in the New York City Police Department and had supervisory authority over Plaintiff at the time of the actions herein complained of; he is being sued in his individual and his official capacity.

16. Defendant ALBERTO SANCHEZ ("SANCHEZ") is a Captain in the New York City Police Department and had supervisory authority over Plaintiff at the time of the actions herein complained of; he is being sued in his individual and his official capacity.

## FACTS UNDERLYING PLAINTIFF'S CLAIMS

17.   Plaintiff YVETTE CAMARENA began her employment with the New York City Police Department following her appointment as a New York City Police Officer on June 30, 1992.

18.   On March 31, 2001, Plaintiff CAMARENA was promoted to the rank of Sergeant and assigned to the 20th Precinct located at 120 West 82nd Street, New York, New York.

19.   At all times relevant, Defendant, Deputy Inspector MURTAGH, formerly a Captain, was the Commanding Officer in the 20th Precinct.

20    Plaintiff CAMARENA always received exemplary performance and behavioral evaluations in her capacity as Sergeant in the NYC Police Department prior to filing formal discrimination and sexual harassment complaints against Defendants. However, since filing said formal complaints, Plaintiff CAMARENA has received her lowest evaluation ever.

21    Beginning in 2001 and continuing to the present date, plaintiff has been subjected to continuous discrimination based upon her gender, including sexual harassment and the creation of a hostile work environment, as well as retaliation for engaging in the protected activity of formally complaining to the New York City Police

6

Department Office of Equal Employment Opportunity ("NYPD
OEEO") and the EEOC about said discriminatory behavior.

22.  The aforementioned discriminatory animus of
Defendants includes, as further detailed below, crude and
derogatory comments, pictures and jokes, all of which are
condoned, tolerated and undertaken by the 20th Precinct
Commanding Officer Defendant MURTAGH.

23.  Plaintiff and other female officers at the 20th
Precinct have been routinely issued harsh, unwarranted and
unfairly-termed command disciplines to females as compared
to similarly situated males officers.

24.  Additionally, the female locker room in the 20th
Precinct was relocated by defendants to an office with no
air conditioning or window blinds and therefore exposed to
public view.

25.  Moreover, vacant positions outside of patrol
functions are consistently offered to male supervisors and
not made available to female supervisors, including
Plaintiff.  With the exception of one position, all precinct
detail positions are held by male supervisors.

26.  Defendant Captain WYNNE, the 20th Precinct
Executive Officer, has created a work environment in which
it is extremely difficult for Plaintiff CAMARENA and other
females to focus on their duties and responsibilities.

7

WYNNE's persistent unwelcome advances and conduct unreasonably interferes with CAMARENA's work performance, thereby creating a threatening, hostile and offensive atmosphere.

27. On numerous occasions, Plaintiff CAMARENA and other females in the 20th Precinct, while in the course of performing their duties, have been subjected to Defendant WYNNE repeatedly repositioning himself in such a way so he is able to stare at Plaintiff and other female officers from behind. Defendant WYNNE does not engage in such conduct with similarly situated male officers.

28. Defendant WYNNE has further engaged in a pattern and practice of creating excuses to stop Plaintiff and other female officers when they are either reporting for duty or signing out at the end of tour and dressed in civilian clothing, at which point Defendant WYNNE leers at their breasts and invades their personal space.

29. Defendant WYNNE's unwelcome actions as described above are abusive, cross the line of acceptable social behavior, and have occurred in the presence of Defendant MURTAGH.

30. Additionally, Defendant WYNNE habitually makes vulgar and highly offensive sexual comments in the presence of plaintiff and other female officers, including, but not

8

limited to, the following:

a) On one particular occasion, while a male prisoner who was arrested and charged with sexual abuse was being detained at the stationhouse desk, WYNNE conversed with the prisoner about masturbation, stating "Instead of touching other people, why don't you try touching yourself?"  Said statements were made in plaintiff's presence.

b)   On another occasion, upon returning from a COMSTAT meeting held by the Chief of Patrol at Police Headquarters, Defendant WYNNE made the following crude statements in front of plaintiff and other female officers: "I got my balls handed to me," "They love to bend you over," and "I didn't even get a kiss."

31.  Offensive sexual innuendos, as exemplified above, are made by Defendant WYNNE on a frequent and recurring basis and often times, in the presence of Defendant MURTAGH.

32.  Plaintiff CAMERENA has repeatedly complained to Defendant MURTAGH, as Commanding Officer of the 20th Precinct, about defendant WYNNE'S vulgar and degrading behavior. Defendant MURTAGH has ignored plaintiff's complaints and refused to take any sort of corrective or disciplinary action.

33.  Defendant MURTAGH by his own actions/inaction, participated, condoned, and encouraged explicit sexual

9

discussions by permitting defendant WYNNE to continue his sexually abusive behavior, and further by participating in conversations within the confines of the 20th Precinct of a sexual nature, to wit, discussing the sexual preferences of members of the 20th Precinct.

34.  On June 4, 2004, Plaintiff CAMARENA attended a 20th Precinct Club party.  The club party was funded by dues collected from members of the 20th Precinct Club, and profits from vending machines within the 20th Precinct.

35.  At the 20th Precinct Club Party, a cake in the image of a vagina was presented to Police Officer Ronnie Quirindongo. Defendant MURTAGH, the 20th Precinct Commanding Officer, was present for, and actively participated in, the presentation of the cake. Officer Quirindongo later informed CAMARENA that the cake was a belated celebration of his recent birthday, and that the significance of the "vagina" cake was the result of a conversation he and MURTAGH had in which Quirindongo used the expression "I want to have my cake and eat it too."

36.  Plaintiff perceived the above described conduct to be highly offensive, degrading, insulting, and abusive towards herself and other female officers present at the Precinct event.

37.  On June 16, 2004, Plaintiff CAMARENA reported the

10

aforementioned incidents to the NYPD OEEO under Case Number 166s04, in conjunction with her complaints of gender discrimination and disparate treatment. The OEEO is an investigative branch of the NYPD assigned to conducting confidential and unbiased investigations of complaints of discrimination within the NYPD.

38.   Throughout plaintiff's employment, plaintiff has been specifically advised to utilize defendants' NYPD's OEEO Division as set forth in the NYPD Patrol Guide and other employee manuals.

39.   The OEEO investigative process, however, does not adequately protect complainants and disregards existing evidence of sexual harassment in violation of its statutory mandate.

40.   Defendant, CITY OF NEW YORK, has a history, as documented in the matter of *Goff v. City of New York, et al.,* of failing to properly and adequately investigate and adjudicate claims of sexual discrimination through OEEO. Defendant, CITY OF NEW YORK, entered into a Consent Order whereby defendant, CITY OF NEW YORK, agreed to take specific measures to eradicate the inefficiencies, incompetence, and failure to adequately redress practices of sexual harassment within the NYPD.

41.   Plaintiff, CAMERENA, has suffered continuing

11

retaliation, degradation, and humiliation by defendants resulting from the commencement of the OEEO investigation. The entire OEEO process continues to exacerbate the hostile work environment CAMERENO suffers and retaliation plaintiff has been subjected after filing her internal complaints of sexual harassment, discrimination, and retaliation.

42. On or about September 22, 2004, plaintiff CAMARENA received a letter from Deputy Commissioner of the NYPD EEOO, Neldra M. Zeigler, advising plaintiff that her complaint of discrimination was found "unsubstantiated". Said letter made no mention of the allegations of sexual harassment against Defendant MURTAGH, or the numerous complaints lodged against the 20th Precinct Executive Officer Defendant WYNNE.

43. Significantly, the OEEO Investigator assigned to the case failed to inquire about the names of witnesses to the "vagina" cake incident, and failed to interview any of the witnesses to that incident or other female officer at the 20th Precinct.

44. Immediately following the filing of plaintiff's complaint with the NYPD OEEO, defendants subjected plaintiff to a pattern and practice of retaliation.

45. Plaintiff was informed that she was no longer permitted to perform administrative duties for "time" overtime, a privilege that among others, was continued to be

given to similarly situated male Sergeants.

46.  In September 2004, in further retaliation for plaintiff's OEEO complaint, Plaintiff's application for the position of School Sergeant was denied.  There were no other applicants for the position other than Plaintiff.

47.  Additionally, on or about September 22, 2004, Plaintiff was issued an "Failure to Comply With Administrative Procedure" for allegedly failing to submit paperwork which plaintiff had in fact submitted and was "lost" by defendants.

48.  On October 1, 2004, Plaintiff CAMARENA made a further complaint of discrimination directly to the 20th Precinct Commanding Officer Defendant MURTAGH, in the company of Police Officer Rose Gribben, the 20th Precinct OEEO liaison. Upon information and belief, it is mandatory that MURTAGH report Plaintiff's complaint to the NYPD OEEO and follow up with a written report within five (5) business days. OEEO never contacted CAMARENA regarding this matter. Additionally, her requests to NYPD OEEO for the name of the assigned investigator, case number and/or status of the case, which she is entitled to, were never provided.

49.  On or about October 2004, in further retaliation, Plaintiff was denied a CPU position.

50.  On December 3, 2004, Plaintiff CAMARENA filed a

complaint with NYPD OEEO against Defendant SANCHEZ alleging
sexual harassment.  Defendant SANCHEZ was assigned to the
20th Precinct as the Executive Officer following the
transfer of Defendant WYNNE.  Said OEEO complaint was
submitted to Sgt. St. James of the NYPD OEEO.

51.   In her complaint, CAMARENA informed Sgt. St. James
of the NYPD OEEO that following September 11, 2001,
Plaintiff was assigned to details and worked with defendant
SANCHEZ.  Defendant SANCHEZ, at that time, was a Lieutenant,
and routinely assigned Plaintiff as his personal driver.
Defendant SANCHEZ told CAMARENA that he found her to be
attractive, and even kissed Plaintiff on her cheek on one
occasion.  Plaintiff told SANCHEZ that she was married, not
interested in him, and that his behavior was very
unprofessional and made Plaintiff uncomfortable.

52.   Upon SANCHEZ's assignment to the 20th Precinct as
Captain, defendant SANCHEZ continued to make offensive and
unwanted sexual advances towards plaintiff including but not
limited to, calling plaintiff into his office and asking
plaintiff questions of concerning plaintiff's personal life
at home; adjusting the collar on plaintiff's blouse; and
approaching plaintiff from behind while plaintiff was
standing next to the front desk, placing his left hand on
plaintiff's left hip, and guiding plaintiff away from the

14

desk. Plaintiff rebuffed all of defendant SANCHEZ's sexual advancements and made it clear to defendant SANCHEZ that said sexual advancements and touchings were unwanted.

53.   Defendant SANCHEZ thereafter directed Lt. Carrasco to issue plaintiff a Command Discipline for taking an extended meal when plaintiff in fact, not committed said offense.

54.   On or about December 10, 2004, in further retaliation, defendant MURTAGH reassigned plaintiff to a new squad without reason or justification.  Plaintiff thereafter filed a complaint of retaliation with the NYPD OEEO against 20th Precinct Commanding Officer defendant MURTAGH.

55.   Due to the retaliatory effects following her complaints, CAMARENA informed the assigned investigator, Sgt. Hoffer, that she felt uncomfortable pursuing said complaints at the OEEO office. CAMARENA requested to have all interviews conducted at her residence, as is her right pursuant to patrol guide procedure 205-36. Sgt. Hoffer refused.

56.   The NYPD OEEO completely failed to properly investigate any of plaintiff's claims of sexual harassment and discrimination, including failing to speak to any witnesses, causing unnecessary delays in the processing of plaintiff's complaints, and subjecting plaintiff to further

15

acts of retaliation and humiliation by issuing baseless findings of "unsubstantiated" with regard to plaintiff's complaints.  As a result, plaintiff filed complaints with the U.S. EEOC and the NYS Division of Human Rights.

57.  Defendants have continued to subject plaintiff CAMARENA to acts of retaliation including but not limited to the following: (a) Absence Control visited CAMARENA's residence to see if she was in fact home while on sick leave, even though it is not the habit of the Absence Control Unit to visit anyone unless they are on "chronic" sick leave; (b) CAMARENA received her lowest performance and behavioral evaluation since being promoted to Sergeant in March 2001, even though she has not changed her work ethic or approach.  CAMARENA questioned Edward Carrasco, the Lieutenant who prepared her low evaluation, and he stated "That is the highest he will agree to" while gesturing towards Defendant MURTAGH's office; (c) CAMARENA was wrongly accused of "falsifying document reports," and it was later uncovered that a male supervisor was responsible for the document omission and the matter was summarily dropped without penalizing said male supervisor; (d) CAMARENA was issued a schedule B Command Discipline and lost ten (10) vacation days due to a discarded memo book, despite the fact that a male Sergeant lost his gun in a bar and received a

schedule B Command Discipline with only a loss of six (6) vacation days; (e) on November 10, 2004, CAMARENA was informed that she was no longer permitted to complete her Quality of Complaint Reports Self Inspection on "time" overtime. This Self Inspection, considered by many to be extremely demanding, requires CAMARENA to review seventy (70) complaint reports on a monthly basis, rating each one in various categories. Furthermore, CAMARENA was informed that she was no longer permitted to submit "time" overtime for communications she was assigned. Similarly situated male counterparts were permitted to work "time" overtime while performing neither administrative duties nor any police-related functions.

58.   On or about April 2005, defendant MURTAGH issued a directive to plaintiff CAMERENA directing plaintiff to submit a request for transfer, or in the alternative, receive an administrative transfer.

59.   Defendant MURTAGH's unwarranted transfer directive is further evidence of retaliation against Plaintiff because of her complaints of gender discrimination and sexual harassment.

60.   On March 17, 2005, Plaintiff CAMARENA filed her original complaint with the United States Equal Employment Opportunity Commission under EEOC Charge No. 160-2005-00787.

17

61.   On August 18, 2005, Plaintiff CAMARENA filed an amended complaint with the EEOC.

## AS AND FOR PLAINTIFF'S FIRST CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF 42 U.S.C. § 1983

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "62" with the same force and effect as if fully set forth herein.

63.   Defendants are in violation of 42 U.S.C. § 1983, which authorizes this Court to redress the deprivation of rights, privileges and/or immunities secured by the United States Constitution that occur under color of state law.

64.   Throughout the events recited herein, the Defendants while acting under color of law, subjected plaintiff to the deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States and specifically the Equal Protection and Due Process guarantees of the Fourteenth Amendment of the Constitution and Civil Rights as guaranteed under Article I, Section II of the New York State Constitution, based on plaintiffs gender, and in retaliation for plaintiff's opposition to discrimination, in violation of 42 U.S.C. §1983.

65.   As a result, plaintiff has been deprived of her

18

Constitutional Rights, been damaged and suffered emotional distress and conscious pain and suffering as a result of these actions.  The actions of defendants in depriving Plaintiff of her constitutional rights, as hereinbefore stated, were willful and malicious.

66.  As a result of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus legal expenses.  As a result of Defendants' actions, Plaintiff has suffered economic loss and continues to suffer to this day.

**AS AND FOR PLAINTIFF'S SECOND CLAIM AGAINST DEFENDANT CITY OF NEW YORK PURSUANT TO VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED, BASED UPON SEXUAL HARASSMENT**

67.  Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "67" above, as if fully set forth herein.

68.  Defendant discriminated against Plaintiff by engaging in severe and pervasive activities constituting sexual harassment, including, but not limited to, engaging in, condoning and tolerating sexually suggestive, lewd and vulgar comments, images and jokes, unwelcome and offensive touching and discrimination against Plaintiff with respect to the terms, conditions and privileges of her employment. The cumulative effect of Defendants' conduct has created an abusive, offensive and contaminated work atmosphere.

19

69.   The named Defendants condoned, tolerated and undertook these unlawful actions while acting in their individual and professional capacities as Plaintiff's supervisors.

70.   By engaging in the acts set forth in the preceding paragraphs, Defendants engaged in an unlawful employment practice as defined by 42 U.S.C. § 2000e-2.

71.   As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from her employment with Defendants; the denial of a safe and hostile-free environment; and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

72.   Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

### AS AND FOR PLAINTIFF'S THIRD CLAIM AGAINST DEFENDANT CITY OF NEW YORK PURSUANT TO VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED, BASED UPON RETALIATION

73.   Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "73" above, as if fully set forth herein.

74.   Based upon the above, plaintiff was discriminated against by defendants by being forced to endure continued

20

and repeated harassment.

75.   The Defendant intentionally and willfully harassed plaintiff and permitted plaintiff to be harassed in employment by retaliating against Plaintiff for exercising her lawfully protected right to formally complain of Defendants' discrimination and sexual harassment. Defendants retaliated against Plaintiff by denying her of the conditions, terms and privileges of her employment. The cumulative effect of Defendants' conduct created an abusive, offensive and contaminated work atmosphere.

76.   No significant action was taken by defendant, CITY OF NEW YORK, its OEEO division, or its agents, to stop the sexual harassment of plaintiff, thereby contributing to a hostile work environment. Defendants condoned, tolerated and undertook these unlawful retaliatory actions while acting in their individual and professional capacities as Plaintiff's supervisors.

77.   By engaging in the acts set forth in the preceding paragraphs, the named Defendants engaged in an unlawful employment practice as defined by 42 U.S.C. § 2000e-3 (a).

78.   As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from her employment with Defendants; the denial of a safe and

21

hostile-free environment; and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

79.   Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

**AS AND FOR PLAINTIFF'S FOURTH CLAIM AGAINST DEFENDANT CITY OF NEW YORK PURSUANT TO VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED, BASED UPON GENDER**

80.   Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "80" above, as if fully set forth herein.

81.   Defendants, in their individual and professional capacities, discriminated against Plaintiff based upon her gender by treating similarly situated male employees more favorably. The cumulative effect of Defendants' conduct created an abusive, offensive and contaminated work atmosphere.

82.   The named Defendants condoned, tolerated and undertook these unlawful discriminatory actions while acting in their individual and professional capacities as Plaintiff's supervisors.

83.   By engaging in the acts set forth in the preceding paragraphs, the named Defendants engaged in an unlawful employment practice as defined by 42 U.S.C. § 2000e-2.

22

84.  As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from her employment with Defendants; the denial of a safe and hostile-free environment; and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

85.  Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

**AS AND FOR PLAINTIFF'S FIFTH CLAIM AGAINST DEFENDANT CITY OF NEW YORK PURSUANT TO VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED, BASED UPON HOSTILE WORK ENVIRONMENT**

86.  Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "88" above, as if fully set forth herein.

87.  Defendants engaged in activities which created a hostile working environment for Plaintiff, including, but not limited to, subjecting Plaintiff to unwanted and offensive physical touching, crude and derogatory sexual comments, jokes and images, unwarranted criticisms and complaints, embarrassment and humiliation, and refusing to respond to Plaintiff's demands to cease and desist said discrimination and harassment.

88.  The named Defendants acted in their individual and

professional capacities.  No significant action was taken by defendant, CITY OF NEW YORK, to stop the sexual harassment of Plaintiff, thereby contributing to a hostile work environment.

89.  By engaging in the acts set forth in the preceding paragraphs, Defendants engaged in an unlawful employment practice as defined by 42 U.S.C. § 2000e-2 for which they are liable.

90.  As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities arising from her employment with Defendants and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

91.  Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR PLAINTIFF'S SIXTH CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK STATE EXECUTIVE LAW § 296 BASED UPON GENDER

92.  Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "92" above, as if fully set forth herein.

93.  Defendants, in their individual and professional

24

capacities, discriminated against Plaintiff based upon her gender by treating similarly situated male employees more favorably. The cumulative effect of Defendants' conduct created an abusive, offensive and contaminated work atmosphere.

94.   Named defendants condoned, tolerated and undertook these actions while acting in their individual and professional capacities as Plaintiff's supervisors.

95.   As a result of Defendants' gender discrimination, Plaintiff suffered significant adverse employment actions.

96.   By engaging in the acts set forth in the preceding paragraphs, the named Defendants engaged in an unlawful employment practice as defined by New York Executive Law § 296(a).

97.   As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from her employment with Defendants; the denial of a safe and hostile free environment; and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

98.   Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR PLAINTIFF'S SEVENTH CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK STATE EXECUTIVE LAW § 296 BASED UPON SEXUAL HARASSMENT

99.  Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "99" above, as if fully set forth herein.

100.  Defendants, in their individual and professional capacities, discriminated against Plaintiff by engaging in severe and pervasive activities constituting sexual harassment, including, but not limited to, engaging in, condoning and tolerating sexually suggestive, lewd and vulgar comments, images and jokes, unwelcome and offensive touching, and discrimination against Plaintiff with respect to the terms, conditions and privileges of her employment. The cumulative effect of Defendants' conduct has created an abusive, offensive and contaminated work atmosphere. The named Defendants undertook these actions while acting in their individual and professional capacities as Plaintiff's supervisors.

101. As a result of this sexual harassment, Plaintiff suffered adverse employment action, including, but not limited to, the denial of overtime, receipt of poor evaluations, and unwarranted discipline.

102. By engaging in the actions set forth in the

26

preceding paragraphs, Defendants engaged in an unlawful discriminatory practice, as defined by New York Executive Law § 296 1(a).

103. As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities arising from her employment with Defendants, the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

104. Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

**AS AND FOR PLAINTIFF'S EIGHTH CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK STATE EXECUTIVE LAW § 296 BASED UPON RETALIATION**

105. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "105" above, as if fully set forth herein.

106. Defendants engaged in activities constituting retaliation against Plaintiff for her complaints, and in opposition to the sexual harassment and gender discrimination of Plaintiff, including, but not limited to, subjecting Plaintiff to derogatory comments and hostility, unwarranted criticisms and complaints, embarrassment and humiliation in front of other employees, and refusing to

respond to Plaintiff's demands to cease and desist the discrimination and sexual harassment. The named Defendants, in their individual and professional capacities, retaliated against Plaintiff because she opposed practices made unlawful by New York Law Executive Law § 296.

107. By engaging in the acts set forth in the preceding paragraphs, Defendants engaged in an unlawful employment practice as defined by New York Executive Law § 296(1) for which they are liable.

108. As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities arising from her employment with Defendants and the embarrassment, humiliation and mental and emotional distress and financial loss suffered as a consequence of Defendants' actions.

109. Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR PLAINTIFF'S NINTH CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK STATE EXECUTIVE LAW §296 BASED UPON HOSTILE WORK ENVIRONMENT

110. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "110" above, as if fully set forth herein.

111. Defendants engaged in activities which created a hostile working environment for Plaintiff, including, but

not limited to, subjecting Plaintiff to unwanted and offensive physical touching, crude and derogatory sexual comments, jokes and images, unwarranted criticisms and complaints, embarrassment and humiliation, and refusing to respond to Plaintiff's demands to cease and desist said discrimination and harassment.

112. The named Defendants acted in their individual and professional capacities.

113. By engaging in the acts set forth in the preceding paragraphs, Defendants engaged in an unlawful employment practice as defined by New York Executive Law § 296(1) for which they are liable.

114. As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities arising from her employment with Defendants and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

115. Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR PLAINTIFF'S TENTH CLAIM PURSUANT TO VIOLATIONS OF NEW YORK CITY HUMAN RIGHTS LAW § 8-107 BASED UPON HOSTILE WORK ENVIRONAMENT

116. Plaintiff repeats and realleges each and every

29

allegation contained in paragraphs "1" through "116" above, as if fully set forth herein.

117. Defendants engaged in activities that created a hostile working environment for Plaintiff based upon Defendants' continuous and persistent sexual harassment of Plaintiff, Defendants' discriminatory behavior based upon Plaintiff's gender and in retaliation for Plaintiff's lawful exercise of her First Amendment Rights, and Defendant's refusal to respond to Plaintiff's demands to cease and desist.

118. The named Defendants acted in their individual and professional capacities.

119. By engaging in the acts set forth in the preceding paragraphs, Defendants engaged in an unlawful employment practice as defined by New York City Human Rights Law § 8-107 for which they are liable.

120. As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges rising from her employment with Defendants, and also the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

121. Because of the foregoing Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

30

## AS AND FOR PLAINTIFF'S ELEVENTH CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK CITY HUMAN RIGHTS LAW § 8-107 BASED UPON GENDER

122. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "122" above, as if fully set forth herein.

123. Defendants discriminated against Plaintiff by engaging in activities constituting gender discrimination, including, but not limited to, condoning, tolerating and engaging in discriminatory conduct against Plaintiff with respect to the terms, conditions and privileges of her employment because of her gender.

124. Defendants discriminated against Plaintiff by engaging in activities constituting discrimination based upon Plaintiff's gender, including but not limited to: condoning, tolerating and engaging discriminatory behavior

125. The named Defendants, condoned, tolerated and undertook these actions while acting in their individual and professional capacities as plaintiff's supervisors.

126. By engaging in the acts set forth in the preceding paragraphs, Defendants engaged in an unlawful employment practice as defined by New York City Human Rights Law § 8-107 for which they are liable.

127. As a result of the foregoing, Plaintiff has

31

suffered injury and incurred damages because of the denial

of career opportunities arising from her employment with

Defendants and has suffered embarrassment, humiliation and

mental and emotional distress and financial loss as a

consequence of the defendants' actions.

128. Because of the foregoing, Plaintiff has been

damaged in the amount of FIVE MILLION DOLLARS

($5,000,000.00).

### AS AND FOR PLAINTIFF'S TWELFTH CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK CITY HUMAN RIGHTS LAW § 8-107 BASED UPON RETALIATION

129. Plaintiff repeats and realleges each and every

allegation contained in paragraphs "1" through "129" above, as

if fully set forth herein.

130. Defendants engaged in retaliatory activities

against Plaintiff for her complaints and objections to the

discrimination based upon gender and sexual harassment,

including but not limited to, derogatory and lewd sexual

comments, unwarranted criticisms, complaints and orders to

transfer, embarrassment and humiliation in front of other

employees, and refusing to respond to Plaintiff's demands to

cease and desist.

131. The named Defendants condoned, tolerated and

undertook these actions while acting in their individual and

professional capacities as Plaintiff's supervisors.

132. By engaging in the acts set forth in the preceding paragraphs, Defendants engaged in an unlawful employment practice as defined by New York City Human Rights Law § 8-107 for which they are liable.

133. As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from her employment with Defendants and has also suffered embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

134. Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR PLAINTIFF'S THIRTEENTH CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK CITY HUMAN RIGHTS LAW § 8-107 BASED UPON SEXUAL HARASSMENT

135. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "135" above, as if fully set forth herein.

136. Defendants, in their individual and professional capacities, discriminated against Plaintiff by engaging in severe and pervasive activities constituting sexual harassment, including, but not limited to, engaging in,

condoning and tolerating sexually suggestive, lewd and vulgar comments, images and jokes, unwelcome and offensive touching, and discrimination against Plaintiff with respect to the terms, conditions and privileges of her employment. The cumulative effect of Defendants' conduct has created an abusive, offensive and contaminated work atmosphere.

137. The named Defendants condoned, tolerated and undertook these actions while acting in their capacities as Plaintiff's supervisors.

138. By engaging in the acts set forth in the preceding paragraphs, Defendants engaged in an unlawful employment practice as defined by New York City Human Rights Law § 8-107 for which they are liable.

139. As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities arising from her employment with Defendants and has also suffered embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of Defendants' actions.

140. Because of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR PLAINTIFF'S FOURTEENTH CLAIM AGAINST ALL DEFENDANTS
### (MONELL CLAIM)

141. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "141" above, as if fully set forth herein.

142. Defendant, CITY OF NEW YORK, has embarked on a course of conduct that deprives Plaintiff and other female police officers of their rights under the United States Constitution and federal and state law in violation of 42 U.S.C. §1983.

143. The actions of defendants, acting under of color of state and local law, custom and usage, have deprived Plaintiff and will deprive other female police officers in the future of their rights, privileges and immunities under the laws and Constitution of the United States, and in particular, their right to be free of employment practices that are based solely on gender and retaliation.

144. By these actions, defendants have jointly and severally deprived Plaintiff of her rights under the Fourteen Amendment to the United States Constitution, in violation of 42 U.S.C. §1983.

145. By virtue thereof, Plaintiff is entitled to a permanent injunction against the NYPD, together with

compensatory and punitive damages, prohibiting the Defendants from continuing to violate plaintiff's civil rights as hereinbefore stated.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1.   Declaring that the aforementioned discriminatory actions of Defendants are unconstitutional, and are in violation of the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1983, the New York State Constitution, New York State Executive Law § 296, and New York Civil Rights Law § 8-107;

2.   Granting Plaintiff money damages in the amount of no less than FIVE MILLION DOLLARS ($5,000,000.00) in compensatory damages or in an amount to be proven at trial for each cause of action;

4.   Granting Plaintiff, TWO MILLION DOLLARS ($2,000,000.00) in punitive damages;

5.   Granting Plaintiff injunctive relief;

5.   Granting Plaintiff all costs for this action, including reasonable attorneys fees incurred by Plaintiff; and

6.   Granting Plaintiff such other and further relief

36

as may be just and proper.

## JURY TRIAL

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Dated:   Lake Success, New York
         February 16, 2006

                    Yours, etc.
                    CRONIN & BYCZEK, LLP

              By: _Christopher Bellistri_____

                    CHRISTOPHER S. BELLISTRI (CB4387)
                    Attorneys for Plaintiff
                    1981 Marcus Avenue, Suite 227
                    Lake Success, New York  11042-1016
                    (516) 358-1700

**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

---

CERTIFIED MAIL
5061 0142

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

November 17, 2005

Ms. Yvette Camarena
c/o Linda M. Cronin, Esquire
Law Offices of Cronin & Byczek
Attorney at Law
1981 Marcus Ave., Ste. 227
Lake Success, NY  11042-1055

Re:  EEOC Charge Against New York City Police Dept.
    No. 160200500787

Dear Ms. Camarena:

Because you filed the above charge with the Equal Employment
Opportunity Commission, and more than 180 days have elapsed since
the date the Commission assumed jurisdiction over the charge, and no
suit based thereon has been filed by this Department, and because
you through your attorney have specifically requested this Notice,
you are hereby notified that you have the right to institute a civil
action under Title VII of the Civil Rights Act of 1964, as amended,
42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be
filed in the appropriate Court within 90 days of your receipt of
this Notice.

This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is
meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

by  *Karen J. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc:  New York District Office, EEOC
    New York City Police Dept.





PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL™**

7003 0500 0002 5061 0142

U.S. Department of Justice

**CIVIL RIGHTS-EMP.LIT**

*Washington, D.C. 20530*

Official Business

*Index No.*                    **Year 20**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVETTE CAMARENA,

                                              Plaintiff,

              - against -

CITY OF NEW YORK et al.

                                              Defendants.

SUMMONS AND COMPLAINT

CRONIN & BYCZEK, LLP
ATTORNEYS AT LAW
1981 MARCUS AVENUE, SUITE 227
LAKE SUCCESS, NEW YORK 11042-1016
(516) 358-1700

*To:*

*Attorney(s) for*

*Service of a copy of the within*                    *is hereby admitted.*

*Dated:*

    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

                           *Attorney(s) for*

**PLEASE TAKE NOTICE**

☐         *that the within is a (certified) true copy of a*
NOTICE OF  *entered in the office of the clerk of the within named Court on*                    *20*
ENTRY

☐         *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
NOTICE OF                              *one of the judges of the within named Court,*
SETTLEMENT *at*
           *on*              *20*      *, at*        **M.**

*Dated:*

                                              CRONIN & BYCZEK, LLP
                                              ATTORNEYS AT LAW
                                              1981 MARCUS AVENUE, SUITE 227
                                              LAKE SUCCESS, NEW YORK 11042-1016